Child Support
The motion for contempt based upon the defendant's failure to pay increased child support in accordance with the escalator clause in the judgment is denied. The relevant language is: "In the event that the Defendant's salary shall be increased, the amount of child support shall be increased by an amount equal to Thirty-Three and One-third (33 1/3%) percent of the increase in salary" The plaintiff claims that the defendant's salary increased over the years but that the defendant has paid the same child support without increase. She claims that additional support is owed for 1997 and subsequent years.
The language of the judgment providing for an escalation in child support is not self executing. See, Eldridge v. Eldridge, 244 Conn. 523
(1998). In order to obtain an increase in child support based upon an increase in the defendant's salary, the plaintiff was required to file a motion for modification in order to quantify the increase and establish a new court order. Because that was not done, the defendant can not be held in contempt for willful failure to obey a court order.
 2. Educational Expenses
The language of the agreement is not a model of clarity. It is subject to two different interpretations: 1) that the parties shall share all educational expenses of the children, from elementary school through college, or 2) that the parties shall share the cost of educational expenses beyond high school only. There is language in the judgment which tends to support either interpretation, although it is more likely than CT Page 15941-mj not that the intention expressed is one which would include all expenses, from elementary school through college. This interpretation was given added weight in May of 1991 when the parties entered a stipulation to resolve the plaintiff's motion for contempt for failure to pay child support as well as other obligations. The parties signed a stipulation which was approved by the court (Steinberg, J.) on May 28, 1991. That stipulation provides, in relevant part, that: "In addition, pursuant to the agreement of the parties, the Defendant owes One Thousand Two Hundred and Forty-five Dollars ($1,245.00) in school tuitions for the school year 1990-91 and One Thousand Nine Hundred and Forty-three Dollars ($1,943.00) in school tuitions for the school year 1989-90." In 1989-91 the children were in elementary school. Therefore, there is a court-approved agreement of the parties which supports the plaintiff's interpretation and is in opposition to the position presently taken by the defendant that he has no obligation for any pre-college educational expenses.
Because the language of the agreement is not clear, the court does not believe that the defendant willfully violated it. A good faith dispute or legitimate misunderstanding of the terms of an alimony or support obligation may prevent a finding that the payor's nonpayment was willful, Ford v. Ford, 52 Conn. App. 522, 529 (1999). Therefore, defendant is not found in contempt for failure to reimburse the plaintiff for payments she made for the education of the children. However, the defendant is found to owe the plaintiff the sum of $38,400. The parties are ordered to attempt to negotiate a payment schedule within the next 15 days. If no agreement can be reached, the plaintiff is authorized to contact the Case Flow Coordinator to schedule a special hearing devoted to the issue of a payment schedule. If the plaintiff files a motion to modify the child support based upon the escalator clause it may be heard at the same time.
Pickard, J.